**UNITED STATES COURT OF APPEALS FOR THE SECOND CIRCUIT**

**Thurgood Marshall U.S. Courthouse   40 Foley Square, New York, NY 10007 Telephone: 212-857-8500**

**MOTION INFORMATION STATEMENT**

Docket Number(s): 25-2487-cv(L), 25-2503-cv(XAP)          _____Caption [use short title]_____

Motion for: Permission to File Oversize Brief

Set forth below precise, complete statement of relief sought:

That Mr. Wang be permitted to file an oversize brief, not to exceed 15,400 words.

# Wang v. Sussman, et al.

MOVING PARTY: Liang Wang          OPPOSING PARTY: Sussman, et al.

☐ Plaintiff          ☐ Defendant

☑ Appellant/Petitioner          ☐ Appellee/Respondent

MOVING ATTORNEY: Alan S. Lewis          OPPOSING ATTORNEY: Kate Bolger

[name of attorney, with firm, address, phone number and e-mail]

Carter Ledyard & Milburn LLP          Davis Wright Tremaine LLP

28 Liberty Street New York, NY 10005          1251 Avenue of the Americas, 42nd Floor, New York, NY 10020-1104

917.533.2524 lewis@clm.com          212.402.4068  katebolger@dwt.com

Court- Judge/ Agency appealed from: Southern District of New York, Hon. Arun Subramanian

**Please check appropriate boxes:**

Has movant notified opposing counsel (required by Local Rule 27.1):
☑ Yes   ☐ No (explain):_____

Opposing counsel's position on motion:
☐ Unopposed ☑ Opposed ☐ Don't Know

Does opposing counsel intend to file a response:
☐ Yes   ☐ No   ☑ Don't Know

**FOR EMERGENCY MOTIONS, MOTIONS FOR STAYS AND INJUCTIONS PENDING APPEAL:**

Has this request for relief been made below?  ☐ Yes ☐ No
Has this relief been previously sought in this court?  ☐ Yes ☐ No
Requested return date and explanation of emergency: _____

Is oral argument on motion requested?   ☐ Yes ☑ No (requests for oral argument will not necessarily be granted)

Has argument date of appeal been set?   ☐ Yes ☑ No  If yes, enter date:_____

**Signature of Moving Attorney:**

Alan S. Lewis          Date: 7/1/2026          Service by: ☑ CM/ECF   ☐ Other [Attach proof of service]

Form T-1080 (rev.12-13)

UNITED STATES COURT OF APPEALS
FOR THE SECOND CIRCUIT

| | |
|---|---|
| LIANG WANG,<br><br>*Plaintiff-Appellant-Cross-Appellee,*<br><br>v.<br><br>SAMMY SUSSMAN, VOX MEDIA, LLC,<br>NEW YORK MEDIA, LLC,<br><br>*Defendants-Appellees-Cross-Appellants.* | 25-2487(L), 25-2503(XAP)<br><br>**DECLARATION IN SUPPORT OF MOTION FOR PERMISSION TO FILE OVERSIZED BRIEF** |

I, Alan S. Lewis, declare, pursuant to 28 U.S.C. § 1746, as follows:

1. I am a partner of Carter Ledyard & Milburn LLP, attorneys for Plaintiff-Appellant-Cross-Appellee Liang Wang.

2. I make this declaration in support of Wang's motion to file an oversize response-and-reply brief exceeding the volume limitations of Local Rule 28.1.1(a).

3. Wang's brief is a combined response and reply brief. The reply section rebuts Defendants' arguments in opposition to Wang's appeal, and the response section responds to Defendants' cross-appeal. The legal issues raised by the cross-appeal are complex and are entirely distinct from the very different set of issues that govern Wang's appeal.

4. Mr. Wang's brief is approximately 15,400 words, a length that is about ten percent longer than the word limitation provided in Local Rule 28.1.1(a).

1

5. The length of the brief is a function of many factors, the first of which is that, as noted above, the reply and response sections of Wang's brief involve little to no overlap of legal issues. In short, whether Wang has plausibly pled his claims of defamation involves issues that are entirely distinct from whether Wang is subject to fee shifting in federal court under a state statute, if his appeal does not succeed.

6. A second factor supporting the request for an oversize brief is that, with respect to the cross-appeal, Wang must respond not only to the sections of Defendants' brief that constitute the cross-appeal, but also to a 26-page amicus brief filed on April 29, 2026, in support of Defendants' cross-appeal. *See* ECF#35.1. Mr. Wang's response to *amici* must be included in his response to the cross-appeal, a factor not considered by the default rule for the length of briefs. Given that *amici's* brief is over 6,000 words, Wang must respond to combined briefing in excess of 20,000 words.

7. A third factor supporting Wang's motion is that Defendants argue for affirmance of the dismissal based on *four independent and complex legal grounds* that were not a basis for the District Court's dismissal decision, namely: (i) the publications are purportedly immune from defamation liability on the theory that they constitute fair reports of official proceedings; (ii) the statements at issue are purportedly statements of pure opinion; (iii) the statements at issue were allegedly

substantially true; and (iv) the contention that Wang's complaint does not plausibly plead Defendants' actual malice. Each of these four legal issues, which must now be addressed in Wang's reply, are complex, and while each argument is without merit, that conclusion requires explanation focused on each of these distinct issues that Defendants' brief has injected into the appeal.

8.    A fourth factor is the complexity of the issues raised in the cross-appeal.  These issues, which relate generally to unsettled questions about the interpretation of a recently amended New York statute, include questions of constitutional law as well as the application of the *Shady Grove* and *Erie* doctrines to the application of New York's statute in federal court.

9.    The brief has been carefully edited for conciseness[1], and respectfully, any additional edits to the brief would harm the brief by eliminating or reducing substantive attention to issues necessary to the full and fair adjudication of both appeals.  In sum, an oversize brief of the requested length is necessary to effectively and persuasively represent Mr. Wang on appeal.

10.    Counsel for Defendants Appellees Cross-Appellants has been notified of this motion and opposes it.

---

[1] Counsel has been diligently working to edit Wang's response-and-reply brief for conciseness over the past two weeks and was not in a position to know the number of excess words to be requested until reaching a nearly final version of the brief.

3

11.     WHEREFORE, it is respectfully requested that Mr. Wang be permitted to file an oversize brief, not to exceed 15,400 words.

*/s/ Alan S. Lewis*

Alan S. Lewis