# 25-2487-cv(L), 25-2503-cv(XAP)

## United States Court of Appeals

*for the*

## Second Circuit

LIANG WANG,

*Plaintiff-Appellant-Cross-Appellee,*

– v. –

SAMMY SUSSMAN, VOX MEDIA, LLC, NEW YORK MEDIA LLC,

*Defendants-Appellees-Cross-Appellants.*

ON APPEAL FROM THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF NEW YORK

## REPLY BRIEF FOR DEFENDANTS-APPELLEES-CROSS-APPELLANTS

KATHERINE M. BOLGER
MARY E. GOETZ
DAVIS WRIGHT TREMAINE LLP
*Attorneys for Defendants-Appellees-Cross-Appellants*
1251 Avenue of the Americas, 42nd Floor
New York, New York 10020
(212) 489-8230

COUNSEL PRESS (800) 4-APPEAL • (392143)

## CORPORATE DISCLOSURE STATEMENT

Pursuant to Federal Rule of Appellate Procedure 26.1, Defendants-Appellees-Cross-Appellants state that New York Media LLC is a wholly-owned subsidiary of New York Magazine, LLC, which is a wholly-owned subsidiary of Vox Media Group, LLC. No publicly traded company owns 10% or more of the stock of Vox Media Group, LLC. Vox Media Holdings, Inc. is the parent corporation of Vox Media, LLC. Ten percent or more of the stock of Vox Media Holdings, Inc. is owned by Versant Media Holdings, Inc., which is publicly traded.

# TABLE OF CONTENTS

Page

**PRELIMINARY STATEMENT** .......................................................... 1

**ARGUMENT** .......................................................... 2

**SECTION 70-A ENTITLES APPELLEES TO ATTORNEYS' FEES** .......................................................... 2

I. THE DISTRICT COURT ERRED IN DETERMINING APPELLEES WERE NOT ENTITLED TO FEES .......................................................... 2

A. The District Court Erred in Determining that "State Law" Required a Dismissal to be Under CPLR 3211(g) .......................................................... 2

B. Section 70-a Applies in Federal Diversity Cases .......................................................... 4

II. WANG'S OTHER ATTEMPTS TO AVOID THE ANTI-SLAPP LAW ARE UNAVAILING .......................................................... 10

A. Section 70-a Permits Fees in the Original Action upon a Successful Rule 12(b)(6) Motion .......................................................... 10

B. Section 70-a Contains No Bad Faith Requirement and Is Constitutionally Sound .......................................................... 12

**CONCLUSION** .......................................................... 16

# TABLE OF AUTHORITIES

**Page(s)**

**Cases**

*215 W. 84th St. Owner LLC v. Bailey*,
217 A.D.3d 488 (1st Dep't 2023) .....10

*Aristocrat Plastic Surgery, P.C. v. Silva*,
206 A.D.3d 26 (1st Dep't 2022) .....10

*BE&K Construction Co. v. NLRB*,
536 U.S. 516 (2002) .....15

*Behar v. Daily News, L.P.*,
2023 WL 3075277 (Sup. Ct. N.Y. Cnty. Apr. 24, 2023) .....13

*Berk v. Choy*,
607 U.S. 187 (2026) .....5, 8

*Bobulinski v. Tarlov*,
758 F. Supp. 3d 166 (S.D.N.Y. 2024) .....4, 6, 7, 11

*Burlington N. RR. v. Woods*,
480 U.S. 1 (1987) .....7

*Christiansburg Garment Co. v. EEOC*,
434 U.S. 412 (1978) .....15

*Golan v. Daily News, L.P.*,
214 A.D.3d 558 (1st Dep't 2023) .....10

*Gottwald v. Sebert*,
40 N.Y.3d 240 (2023) .....5

*Isaly v. Garde*,
2024 WL 1156850 (Sup. Ct. N.Y. Cnty. Mar. 18, 2024) .....14, 15

*Jones v. Abel*,
2026 WL 835364 (S.D.N.Y. Mar. 26, 2026) .....3

*Kuvshynov v. Fox News Network, LLC*,
87 Misc. 3d 1260(A) (Sup. Ct. N.Y. Cnty. Dec, 29, 2025) .....7, 12, 13

*Lackey v. Stinnie*,
604 U.S. 192 (2025)....................15

*N.Y. Times Co. v. Wayfarer Studios LLC*,
2026 WL 2256440 (Sup. Ct. N.Y. Cnty. July 27, 2026)....................4

*Osterneck v. Ernst & Whinney*,
489 U.S. 169 (1989)....................11

*Pavelic & LeFlore v. Marvel Entm't Grp.*,
493 U.S. 120 (1989)....................6

*Reeves v. Associated Newspapers, Ltd.*,
232 A.D.3d 10 (1st Dep't 2024)....................6, 12, 13, 14

*Rimini Street, Inc. v. Oracle USA, Inc.*,
586 U.S. 334 (2019)....................14

*Satanic Temple, Inc. v. Newsweek Digital LLC*,
177 F. 4th 202 (2d Cir. 2026)....................8, 9

*Shady Grove Orthopedic Assocs., P.A. v. Allstate Ins.*,
559 U.S. 393 (2010)....................5

**Statutes**

N.Y. Civ. Rights L.
§ 70-a....................*passim*
§ 76-a....................5, 8, 9

**Other Authorities**

Fed. R. App. P. 38....................7

Fed. R. Civ. P.
11....................6, 7
12....................2, 4, 10
50....................11
54....................1, 2, 10, 11
59....................11
60....................11

22 NYCRR §§ 130.1.1 *et seq*....................6, 13

CPLR 3211 ........................................................................................... *passim*

Rebecca Aviel & Wiley Kersh, *The Weaponization of Attorney's Fees in an Age of Constitutional Warfare*, 132 Yale L.J. 2048, 2097 (2023) ................................ 15

## PRELIMINARY STATEMENT

Supreme Court, Second Circuit, and New York law all lead inexorably to the same conclusion: the mandatory fee-shifting provision of New York's anti-SLAPP law applies in this federal diversity case and requires this Court to award Appellees their uncontestedly reasonable fees. *See* N.Y. Civ. Rights L. § 70-a ("Section 70-a"). The district court wrongly denied Appellees' Rule 54 motion to recover attorneys' fees, misreading Section 70-a as permitting fees upon a successful motion to dismiss *only* in *state* court. That is contrary to the language of Section 70-a and skips an *Erie* analysis that mandates Section 70-a's application in federal court.

Wang's arguments in support of the decision below paint a picture of the law as he wishes it to be, not as it is. For example, Wang argues that Section 70-a does not permit fees to be awarded upon a motion in the original action, a proposition repeatedly rejected by the New York appellate courts. He also argues that Section 70-a is not sufficiently substantive to apply in federal court because it is part of an anti-SLAPP law that also includes separate, procedural provisions—but, as Wang acknowledges, a decision of this Court just months ago confirmed that another substantive provision of the anti-SLAPP law plainly applied in federal diversity actions. And Wang contends that the mandatory fee-shifting regime includes an implicit requirement that the lawsuit have been frivolous, again ignoring a New York appellate court's explicit rejection of this notion.

This Court should reject these attempts to mislead, and hold that Section 70-a's mandatory fee-shifting scheme applies in federal diversity actions and may be invoked by motion under Federal Rule of Civil Procedure 54(d)(2) in the original action upon a successful Rule 12(b)(6) dismissal. As a coalition of 16 diverse media organizations writes in support of Appellees, "the New York Legislature made a policy decision to ensure the 'utmost protection' for freedom of speech and the press by disincentivizing SLAPPs." Dkt. 35.1 ("Br. of Amici") 7 (quoting N.Y. Bill Jacket, L. 2020, ch. 250, at 5). Allowing parties to recover their fees in federal court is consistent with this state policy.

# ARGUMENT

## SECTION 70-A ENTITLES APPELLEES TO ATTORNEYS' FEES

### I. THE DISTRICT COURT ERRED IN DETERMINING APPELLEES WERE NOT ENTITLED TO FEES

The district court wrongly denied Appellees' Rule 54 motion to recover attorneys' fees under Section 70-a, the substantive fee-shifting provision of New York's anti-SLAPP law. Dkt. 32.1 ("Br.") 51-54.

#### A. The District Court Erred in Determining that "State Law" Required a Dismissal to be Under CPLR 3211(g)

The district court was wrong to hold that the *only* type of dismissal order that could be the basis for a grant of fees was a dismissal under New York's CPLR 3211(a)(g). Br. 51-54. Wang's efforts to defend the decision are unavailing. Dkt. 42.1 ("Opp.") 45-48.

*First*, Section 70-a, by its plain language, mandates fees "upon a demonstration, *including* an adjudication pursuant to [CPLR 3211(g)] or [CPLR 3212(h)], that the [SLAPP action] was commenced or continued without a substantial basis in fact and law and could not be supported by a substantial argument for the extension, modification or reversal of existing law." N.Y. Civ. Rights L. § 70-a(1)(a) (emphasis added). The district court simply ignored that the use of the word "including" explicitly leaves open the means by which the "demonstration" of the substantial basis standard may be made. It "include[s]" dismissal and summary judgment decisions in state court, but never treats these as exclusive. Br. 51-53.

Wang, who doubles down on the district court's faulty reading of Section 70-a(1)(a), fails entirely to address the many cases Appellees cited confirming this reading.[1] Br. 51-52 (collecting cases). And, like the district court, Wang hypothesizes about "why the legislature *could have*" meant Section 70-a(1)(a) to exclude dismissals other than under CPLR 3211(g). Opp. 46 (emphasis added). But, as amici note, the district court's and Wang's hypothesis not only ignores the plain text of Section 70-a(1)(a), but also "violates the rule in New York that 'legislative intent is the great and controlling principle.'" Br. of Amici 19 (quoting *People v. Ryan*, 274 N.Y. 149, 152 (1937)). This is because ignoring Section 70-a(1)(a)'s use

[1] Wang instead cites to one case that has followed the district court's faulty reasoning below—which is all the more reason for this Court to set the record straight and follow the text's clear direction. *See Jones v. Abel*, 2026 WL 835364, at *15 (S.D.N.Y. Mar. 26, 2026).

of the word "including" would "weaken[]" the anti-SLAPP law's protections, when the legislature explicitly intended to expand them. *Id.*; *see id.* at 9-14 (recounting legislative history of the anti-SLAPP law and its 2020 amendments).

*Second*, the district court also erred by concluding that a dismissal under Rule 12(b)(6) does not qualify for fees under Section 70-a. The law is clear that a case dismissed under Rule 12(b)(6) necessarily lacks a substantial basis in fact or law. Br. 54; *see Bobulinski v. Tarlov*, 758 F. Supp. 3d 166, 184 (S.D.N.Y. 2024) ("Logically, a complaint that fails to state a claim is, a fortiori, 'without a *substantial* basis in fact and law and could not be supported by a *substantial* argument for the extension, modification or reversal of law.'" (emphases in original) (quoting N.Y. Civ. Rights L. § 70-(a)(1)(a))), *appeal withdrawn*, 2025 WL 1009663 (2d Cir. Mar. 31, 2025); *see* Br. 54 (collecting cases). In fact, a recent state court case makes this clear. *N.Y. Times Co. v. Wayfarer Studios LLC*, 2026 WL 2256440, at *4 (Sup. Ct. N.Y. Cnty. July 27, 2026) ("Given the dismissal of Wayfarer's federal claims against NYT Co. [under Rule 12(b)(6)], those claims lack a substantial basis in fact and law for Civil Rights Act 70-a purposes."). The district court court's decision that "state law" barred an award of fees was erroneous and should be reversed.

**B. Section 70-a Applies in Federal Diversity Cases**

As set forth in Appellees' opening brief, the district court also erred by not undertaking any *Erie* analysis because Section 70-a of New York's Civil Rights Law

is substantive state law and must apply in this federal diversity action. Br. 45-51. Wang's arguments to the contrary are unavailing.

First, no Federal Rule "answers the question in dispute." *Shady Grove Orthopedic Assocs., P.A. v. Allstate Ins.*, 559 U.S. 393, 398 (2010); *Berk v. Choy*, 607 U.S. 187, 192 (2026). As a preliminary matter, Wang quibbles with the Appellees as to what that question is—suggesting it should be broadly construed as "when are fees available following a meritless lawsuit." Opp. 55. But the anti-SLAPP statute serves a unique purpose: to deter lawsuits *about speech in a public forum on a matter of public interest* (which Wang agrees this is). N.Y. Civ. Rights L. § 76-a(1)(a)(1)-(2). The anti-SLAPP law, like many other fees statutes, regulates a particular category of cases. *Infra* pp. 14-15. It is a unique provision tied to the free speech rights of speakers, and indeed was amended in 2020 to reach this broader set of cases. *See Gottwald v. Sebert*, 40 N.Y.3d 240, 255-57 (2023). It is not a universal provision, and this is not a universal question.[2]

In any event, whether the question in dispute is framed narrowly or broadly, no federal rule answers it. Wang contends that Rule 11 answers that question because it "deters and punishes litigants who bring unmeritorious lawsuits." Opp. 57. But Rule 11 does not award fees to the winner of a lawsuit; it empowers the

[2] Even if this were the question in dispute, it would still be true that no federal rule is applicable, *see infra* pp. 5-9.

court to impose *sanctions*, including but not limited to fees, and *at any time* during the litigation, upon parties for, among other things, making *frivolous* arguments. *See* Fed. R. Civ. P. 11(b)-(c). The mandatory fees provision of Section 70-a(1)(a) is not a sanction, Br. 46-47, it only awards fees at the conclusion of a lawsuit (rather than at other times), and it does not apply only to frivolous arguments, *Reeves v. Associated Newspapers, Ltd.*, 232 A.D.3d 10, 21 (1st Dep't 2024) (holding that "substantial basis is more than frivolous").

Indeed, Rule 11 is designed to regulate attorney conduct,[3] while Section 70-a is designed to make whole a speaker for the expense of defending a meritless lawsuit.[4] And critically, New York law already contains a procedural corollary to Rule 11 for sanctions on attorney conduct, *see* 22 NYCRR §§ 130.1.1 *et seq.*, separate from the substantive entitlement to fees for successfully defending a SLAPP suit in Section 70-a. In short, the two provisions are nothing alike, and Rule 11 does not answer the question in dispute.

To avoid this, Wang insists that, because the substantial basis standard shares language with a separate New York provision that imposes sanctions for frivolous

[3] *See, e.g.*, *Pavelic & LeFlore v. Marvel Entm't Grp.*, 493 U.S. 120, 126 (1989) ("[T]he purpose of the provision in question, however, is not reimbursement but 'sanction'; and the purpose of Rule 11 as a whole is to bring home to the individual [attorney] who signed his personal, nondelegable responsibility.")

[4] *Bobulinski*, 758 F. Supp. 3d at 188 ("Section 70-a(1)'s operative language . . . defines the contours of a case where a Defendant has the right to collect attorney's fees because the claim has so little legal merit but was filed nonetheless to burden opponents with legal defense costs." (citation omitted)).

conduct, "Section 70-a *is* a sanction, as revealed by the legislative history." Opp. 58 (emphasis in original). Initially, Wang cites no legislative history for this principle. And in any event, Wang is wrong. As discussed in Appellees' opening brief, *see* Br. 46-47, and not addressed by Wang, "New York courts have treated this provision not as a 'sanction,' but rather as a 'mandatory award of attorneys' fees to the prevailing defendant' in a SLAPP suit." *Bobulinski*, 758 F. Supp. 3d at 189 n.24 (quoting *Reeves*, 232 A.D.3d at 26)). And, as also explained in Appellees' brief, and as also ignored by Wang, there exists decades of Supreme Court and Second Circuit law applying state fees provisions in federal court, which would be impossible if Rule 11 precluded the application of state attorneys' fees provisions. Br. 49-50 (collecting cases).

The cases Wang does marshal do not help him. As explained below, *Kuvshynov v. Fox News Network, LLC*, 87 Misc. 3d 1260(A) (Sup. Ct. N.Y. Cnty. Dec. 29, 2025), which rejected the proposition that a dismissal under CPLR 3211(g) necessarily triggers mandatory fees, stands in direct contravention of First Department precedent and is currently under appeal. *Infra* pp. 12-14. And in *Burlington Northern Railroad v. Woods*, 480 U.S. 1 (1987), the Supreme Court found that Federal Rule of Appellate Procedure 38, which allowed the discretionary award of fees, conflicted with a state statute which required an award of fees in similar circumstances. *Id.* at 2-4. The direct conflict there bears no resemblance to

the situation here, where Rule 11 and Section 70-a answer different questions. In sum, no Federal Rule conflicts with Section 70-a's mandatory fee-shifting provision, and thus Section 70-a(1)(a) must apply in federal court if it is substantive.

*Second*, Section 70-a is plainly substantive and must apply in this federal diversity action. Br. 49-50; *Berk*, 607 U.S. at 192 ("The Rules of Decision Act directs federal courts to apply state substantive law, leaving federal law to cover the rest."). Wang cannot deny—and does not even acknowledge—the many Supreme Court and Second Circuit cases finding attorneys' fees provisions to be substantive state law. *See* Br. 49-50 (collecting cases). And, as Wang concedes, this Court held just months ago that the other portion of New York's anti-SLAPP found in the Civil Rights Law—Section 76-a—is substantive and applies in federal court. Opp. 55 n.13; *see Satanic Temple, Inc. v. Newsweek Digital LLC*, 177 F. 4th 202, 211-12 (2d Cir. 2026). Further, although the Court was not deciding the issue of Section 70-a's applicability, the Court cited with approval its prior decision "holding that state anti-SLAPP provisions providing for 'immunity from civil liability' *and 'mandatory fee shifting'* are substantive and apply in diversity." *Id.* at 211 (quoting *Adelson v. Harris*, 774 F.3d 803, 809 (2d Cir. 2014)).

Rather than address this overwhelming consensus, Wang instead argues that Section 70-a's "application is intertwined with CPLR 3211(g)," a separate, procedural provision of the New York anti-SLAPP law found in its Civil Practice

Law and Rules (as opposed to the Civil Rights Law, where Sections 70-a and 76-a are found). Opp. 59. In other words, he claims that because "CPLR 3211(g) cannot be applied in federal court, neither can Section 70-a." Opp. 61. Wang is wrong. Initially, as discussed in the opening brief and above, CPLR 3211(g) is not the only possible grounds for dismissal of a SLAPP suit. Br. 46-49; *see supra* pp. 3-4.

Further, Wang does not address the "emerging consensus" that rejects a conflation of the separate provisions of the anti-SLAPP law. Br. of Amici 22-26; *see* Br. 47-49 (collecting cases), instead citing (Opp. 61-62) to older decisions in the Southern District finding that *all of* New York's anti-SLAPP law cannot apply in federal court because CPLR 3211(g) conflicts with Federal Rules 12 and 56. Br. 47-49. Most importantly, Wang simply does not address this Court's recent decision in *Satanic Temple*, which eviscerates any notion that the procedural nature of CPLR 3211(g) infects other parts of the anti-SLAPP law, since the Court "easily conclude[d] that Section 76-a of New York's anti-SLAPP statute is substantive law." 177 F.4th at 211. Wang is simply wrong that Section 70-a and CPLR 3211(g) are intertwined.[5]

Section 70-a is substantive and, therefore, should apply in federal courts.

[5] The district court did "not grapple with the thorny *Erie* questions concerning the application of New York's fee-shifting remedy in federal court," but its conclusion based on "state law" was notably concerned with the CPLR 3211(g) "procedures that were unavailable to Wang in this case." JA247 & n.2. But Congress and the Supreme Court have determined that procedural discrepancies between state and federal court are acceptable—substantive discrepancies are not. Br. 53.

## II. WANG'S OTHER ATTEMPTS TO AVOID THE ANTI-SLAPP LAW ARE UNAVAILING

### A. Section 70-a Permits Fees in the Original Action upon a Successful Rule 12(b)(6) Motion

Wang next tries to avoid fees by arguing that Appellees are not entitled to them because they timely moved for attorneys' fees under Federal Rule 54(d)(2), rather than in a separate action. Wang is wrong.

The substantive entitlement for Appellees' fees comes from Section 70-a(1) of New York's Civil Rights Law, which permits parties to "*maintain*[] an action, claim, cross claim or counterclaim to recover damages, including costs and attorney's fees." *See* Br. 53 n.13; Br. of Amici 16-18. Flying in the face of New York caselaw, Wang attempts to write the word "maintain" out of Section 70-a, arguing that the provision does not permit parties to seek fees by motion in the original action. Opp. 40. But Wang is wrong. As even he concedes, New York courts interpret this provision to allow "fee requests made by motion." Opp. 43 n.10; *see, e.g.*, *Aristocrat Plastic Surgery, P.C. v. Silva*, 206 A.D.3d 26, 32 (1st Dep't 2022); *Golan v. Daily News, L.P.*, 214 A.D.3d 558, 559 (1st Dep't 2023); *215 W. 84th St. Owner LLC v. Bailey*, 217 A.D.3d 488, 488 (1st Dep't 2023). Wang finds only one state case to the contrary, but as the brief of amici notes, "intermediate New York appellate courts have—for years—found that . . . costs and fees may be sought pre-answer in the underlying SLAPP case pursuant to Section 70-a[1]." Br. of Amici

16-17 (citing seven example cases); *accord* Br. 53 n.13.[6] Following this approach in federal court accords with "the statutory text, state decisional law, and legislative intent." Br. of Amici 17; *see Bobulinski*, 758 F. Supp. 3d at 188-89.

Wang attempts two workarounds to avoid this conclusion. *First*, he argues that, because judgment issued before the fees motion was made, the case is closed and thus there is no "action" that could be "maintain[ed]." Opp. 43 (citing *Budinich v. Becton Dickinson & Co.*, 486 U.S. 196, 201 (1988) for the proposition that a judgment is final prior to fees litigation). Wang is incorrect. As the Federal Rules of Civil Procedure themselves make clear, a case continues after judgment for the precise purpose of litigating post-judgment motions, including those regarding attorneys' fees. *See, e.g.*, Fed. R. Civ. P. 50, 54, 59, 60; *Osterneck v. Ernst & Whinney*, 489 U.S. 169, 174 (1989) (noting that the federal rules "prevent[] the filing of an effective notice of appeal until the District Court has had an opportunity to dispose of all motions that seek to amend or alter what otherwise might appear to be a final judgment."). District courts do not close their doors to litigants merely because dismissal has been granted. In short, Wang provides no reason to doubt that fees may be sought by a motion in the original action, as Appellees did here.

---

[6] Wang reimagines the mention of CPLR 3211(g) in Section 70-a "as an example of how a defendant can show their *substantive* entitlement to fees, and not a substitute for . . . [seek]ing fees through a formal claim, asserted in a cause of action.[6] Opp. 41. But, again, that interpretation falls in the face of the New York courts that have repeatedly granted fees in the original action. *See supra* pp. 10-11.

### B. Section 70-a Contains No Bad Faith Requirement and Is Constitutionally Sound

Wang makes two additional and equally meritless attempts to resist the straightforward application of Section 70-a.

*First*, he argues that Section 70-a contains an implicit requirement that, for fees to be awarded, the SLAPP suit must have been frivolous or brought in bad faith. Opp. 49-51. But the First Department has already rejected this position, as counsel for Wang is well aware, since he represented the plaintiff in that case. *See Reeves*, 232 A.D.3d at 21 (holding "substantial basis is more than frivolous"); *id.* at 24 n.7 ("In this context, meeting the nonfrivolous standard is of no avail."). Wang fails to mention this contrary authority.

Moreover, a different part of Section 70-a—that concerning punitive damages—explicitly *does* require an "additional demonstration that the [suit] was commenced or continued for the sole purpose of harassing, intimidating, punishing or otherwise maliciously inhibiting the free exercise of speech, petition or association rights." N.Y. Civ. Rights L. § 70-a(1)(c). The legislature did *not* impose such a requirement for ordinary, mandatory attorneys' fees.

Wang's only consolation is a wrongly decided New York trial court case, currently on appeal. In *Kuvshynov v. Fox News*, 87 Misc. 3d 1260(A) (cited at Opp. 49), the court granted a motion to dismiss under CPLR 3211(g) and found that the case "involves speech targeted to a public forum on an issue of public interest." *Id.*

at *6. Under these circumstances, *Reeves* and other appellate cases dictate that fees must be awarded, as the trial court judge had consistently recognized in previous cases. *See, e.g.*, *Behar v. Daily News, L.P.*, 2023 WL 3075277, at *6 (Sup. Ct. N.Y. Cnty. Apr. 24, 2023) (Rosado, J.) ("As Plaintiff's Complaint is dismissed pursuant to CPLR § 3211(g), the Court must award attorneys' fees." (citation omitted) (citing *Golan*, 214 A.D.3d at 559)).

But this time, the trial court found that the legislature "could not have intended for [Sections 70-a and 76-a] to be used to impose mandatory attorneys' fees against the plaintiffs like the Kuvshynovs, who are grieving parents from a war-torn country." *Kuvshynov*, 87 Misc. 3d 1260(A), at *6. Thus, the court interpreted Section 70-a(1)(a) to also require that the action be frivolous, on the basis that some of the language in Section 70-a(1)(a) was similar to that in an unrelated provision of New York law that imposes sanctions for frivolous conduct. *Id.* at *7. As already noted, this conclusion is in direct contravention of precedent binding upon the trial court.[7] It is also on appeal to the First Department, with broad support for reversal from numerous amici. *See* Brief of Amici Curiae, *Kuvshynov v. Fox News Network, LLC*, No. 2026-00211, NYSCEF Doc. No. 18 (1st Dep't filed June 22, 2026).

[7] Even if the court's conclusion were permissible under controlling precedent, it is wrong: the language of the unrelated sanctions provision is *not* identical and in fact provides a *lower* standard, using the term "reasonable" where Section 70-a(1)(a) uses "substantial." *Compare* 22 NYCRR § 130.1.1(c)(1), *with* N.Y. Civ. Rights L. § 70-a(1)(a).

Wang's reliance on *Kuvshynov*, and his failure to once cite *Reeves*, demonstrate that his position represents what he believes the law should be, not what it is.

*Second*, Wang argues that mandatory fee shifting without a requirement that the suit have been frivolous or brought in bad faith would violate the First Amendment and the New York Constitution. Opp. 52-54. The theory goes that, if suits that are not frivolous or brought in bad faith are subject to "punitive fees," those fees "chill litigants" from their right to petition. *Id.* at 53. Wang's argument is meritless—in fact, a New York court has rejected this exact theory of unconstitutionality (also brought by Wang's counsel), further noting the many cases across the country that have rejected similar challenges to anti-SLAPP legislation. *Isaly v. Garde*, 2024 WL 1156850, at *4 (Sup. Ct. N.Y. Cnty. Mar. 18, 2024) (surveying cases).

Wang's argument also rests on the same faulty premise as Wang's *Erie* argument—that Section 70-a(1)(a)'s mandatory fee-shifting provision is a punitive sanction. But, as explained, New York courts do *not* treat Section 70-a(1)(a) as a sanction, *supra* pp. 6-7, and in fact Section 70-a(1)(c) has a separate provision, not at issue here, which specifically provides for discretionary punitive damages, *supra* p. 6. Section 70-a is nothing more than another compensatory fee-shifting scheme, many of which have been considered by the Supreme Court without any mention of unconstitutionality. *See, e.g., Rimini Street, Inc. v. Oracle USA, Inc.*, 586 U.S. 334

(2019) (Copyright Act); *Lackey v. Stinnie*, 604 U.S. 192 (2025) (Section 1983); *Christiansburg Garment Co. v. EEOC*, 434 U.S. 412 (1978) (Title VII). Indeed, "asymmetrical fee-shifting [is] widely accepted as not only legitimate, but also essential for the effective implementation of important government policies." Rebecca Aviel & Wiley Kersh, *The Weaponization of Attorney's Fees in an Age of Constitutional Warfare*, 132 Yale L.J. 2048, 2097 (2023).[8]

As Appellees noted below, Wang's invocation of the First Amendment rings somewhat hollow in the context of a lawsuit he brought against a news organization and an independent journalist for 100 million dollars, 10 million dollars of which is against the journalist alone. Moreover, Wang has never contested that this lawsuit is "an action involving public petition and participation" under a statute designed to vindicate the First Amendment, nor that Appellees' claimed fees are reasonable. As the New York court noted when rejecting the same constitutional argument Wang makes here, "The news media—and those who share their stories with the news media—have faced an onslaught of retaliatory and meritless litigation in recent years, which is a pernicious harm that New York may, and has, sought to curb without offending the state or federal constitutions." *Isaly*, 2024 WL 1156850, at

[8] Wang's reliance on *BE&K Construction Co. v. NLRB*, 536 U.S. 516 (2002), is misplaced. That case specifically noted that it "did not grant certiorari" on "the fee issue," and did "not decide whether the [NLRB] otherwise has authority to award attorney's fees when a suit is found to violate the NLRA."). *Id.* at 529-30.

*3 (citation omitted). This Court should reject Wang's meritless and hypocritical constitutional argument.

## CONCLUSION

For the reasons set forth above, Cross-Appellants respectfully request that the Court reverse the portion of the district court's September 9, 2025 order denying their motion for attorneys' fees.

Dated: August 13, 2026

Respectfully submitted,

By: */s/ Katherine M. Bolger*

Katherine M. Bolger
Mary E. Goetz
DAVIS WRIGHT TREMAINE LLP
1251 Avenue of the Americas, 42nd Floor
New York, NY 10020
Phone: (212) 489-8230
Fax: (212) 489-8340
Email: katebolger@dwt.com
marygoetz@dwt.com

*Attorneys for Defendants-Appellees-Cross-Appellants*

## CERTIFICATE OF COMPLIANCE

Pursuant to Fed. R. App. P. 32(g), I certify that the foregoing Reply Brief of Defendants-Appellees-Cross-Appellants complies with the requirements of Fed. R. App. P. 32 and Second Circuit Local Rule 28.1.1, because it uses a proportionately spaced font, has a typeface of 14 points or more, and contains 3,970 words, excluding those portions of the brief exempted by Fed. R. App. P. 32(f), as determined by the word-count function of Microsoft Word.

Dated: August 13, 2026

*/s/ Katherine M. Bolger*
Katherine M. Bolger