Davis Wright Tremaine LLP

42nd Floor
1251 Avenue of the Americas
New York, NY 10020-1104

**Katherine M. Bolger**
212-489-8230 tel
212-489-8340 fax

katebolger@dwt.com

October 19, 2026

**By ECF**

Catherine O'Hagan Wolfe
Clerk of Court
United States Court of Appeals for the Second Circuit
Thurgood Marshall United States Courthouse
40 Foley Square
New York, NY 10007

Re: ***Wang v. Sussman et al.*, Nos. 25-2487(L), 25-2503(XAP)**

Dear Ms. O'Hagan Wolfe:

Pursuant to Federal Rule of Appellate Procedure 28(j), we write on behalf of Defendants-Appellees-Cross-Appellants ("Appellees") to inform the Court of a recent decision of the New York County Supreme Court that is significant and pertinent to Appellees' cross-appeal.

In *Newsweek Digital LLC v. Olivet University*, 2026 WL 3084865 (Sup. Ct. N.Y. Cnty. Oct. 1, 2026), the court squarely held that a dismissal under Federal Rule of Civil Procedure 12(b)(6) was sufficient to show the case lacked "substantial basis in law" under New York CPLR 3211(g) and thus to entitle the federal defendant (now the state-court plaintiff) to fees under New York's anti-SLAPP law:

> Considering plaintiff succeeded in obtaining a dismissal on the pleadings, plaintiff has shown that the Underlying Action lacked a substantial basis under Civil Rights Law § 70-a(1)(a) (*see Reeves v Associated Newspapers, Ltd.*, 232 AD3d 10, 24 [1st Dept 2024] ["a complaint which fails to state a claim under CPLR 3211(a)(7) necessarily lacks a "substantial basis in law" for purposes of CPLR 3211(g)"]). While the Court is cognizant of the fact that the complaint in the Underlying Action was dismissed under a Federal Rules of Civil Procedure 12(b)(6) motion,

> the Court finds that the principle held in *Reeves* regarding CPLR 3211(a)(7) motions applies with equal force to actions dismissed under the FRCP 12(b)(6) standard, as both standards are less exacting than 3211(g) substantial basis standard. Thus, considering plaintiff has made a prima facie showing entitlement to summary judgment, the burden now shifts to defendant to raise a triable issue of fact.

*Id*. at *2-3.

The *Newsweek* decision directly supports Appellees' position that a Rule 12(b)(6) dismissal, without more, is sufficient to hold that a case "lack[ed] a substantial basis" and therefore that the prevailing party is entitled to fees. Dkt. 32.1 (Appellees' Opening Brief) at 54; Dkt. 49.1 (Appellees' Cross-Appeal Reply) at 4.

Respectfully submitted,

Davis Wright Tremaine LLP

/s/ *Katherine M. Bolger*
Katherine M. Bolger

*Counsel for Appellees*

**CERTIFICATE OF COMPLIANCE**

I hereby certify that (1) this letter complies with the type-volume limitation of Federal Rule of Appellate Procedure 28(j) because, as calculated by Microsoft Word, its body contains 310 words, and (2) this letter complies with the typeface requirements of Federal Rule of Appellate Procedure 32(a)(5) and the type-style requirements of Federal Rule of Appellate Procedure 32(a)(6) because it has been prepared in a proportionally spaced typeface using Microsoft Word in a 14-point Times New Roman font.

Dated: October 19, 2026

/s/ *Katherine M. Bolger*
Katherine M. Bolger

**CERTIFICATE OF SERVICE**

I hereby certify that I caused the foregoing to be electronically filed with the Clerk of the Court for the United States Court of Appeals for the Second Circuit by using the appellate CM/ECF system on October 19, 2026. I certify that all participants in the case are registered CM/ECF users and that service will be accomplished by the appellate CM/ECF system.

Dated: October 19, 2026

/s/ *Katherine M. Bolger*
Katherine M. Bolger