CARTER LEDYARD MILBURN

Alan S. Lewis
Partner
lewis@clm.com

28 Liberty Street, 41st Floor
New York, NY 10005
D / 212-238-8647

October 21, 2026

**VIA ECF**

Ms. Catherine O'Hagan Wolfe
Clerk of the Court
United States Court of Appeals
for the Second Circuit
Thurgood Marshall U.S. Courthouse
40 Foley Square
New York, NY 10007

Re: *Wang v. Sussman*, 25-2487-cv(L); 25-2503-cv(XAP)

Dear Ms. Wolfe:

On behalf of Appellant Wang, we respond to the October 19 Rule 28(j) letter from Defendants-Appellees-Cross-Appellants ("Appellees"). In short, *Newsweek Digital LLC v. Olivet University*, 2026 WL 3084865 (Sup. Ct. N.Y. Cnty. Oct. 1, 2026) ("Newsweek"), is neither pertinent nor significant.

Appellees cite *Newsweek* only in connection with their cross appeal, which for reasons previously explained by Appellant, is likely to be rendered moot. In any event, *Newsweek* does not even speak to the argument advanced by Appellees' cross appeal, by which they challenge Judge Subramanian's holding that to seek fee shifting under New York's Civil Rights Law 70-a after a federal Rule 12 dismissal, the moving defendant is obligated to assert a separate cause of action. This is precisely what Newsweek did, but which Appellees failed to do here. In short, the state court trial judge, in *Newsweek*, did not disagree with, or even consider, Judge Subramanian's holding rejecting fee shifting when sought only by motion within the original federal action. Moreover, as a decision of a state trial court, *Newsweek* does not bind this Court nor does it reliably predict how the New York Court of Appeals might rule.

While *Newsweek* is of dubious relevance, another recent decision is directly on point. In *Rapaport v. Finkelman*, Judge Clarke held that a defendant may *not* obtain Section 70-a fee shifting by motion (rather than formal claim) even where the defendant "did not have the opportunity to assert an anti-SLAPP counterclaim", emphasizing "the statute's plain language, which provides instead that a defendant 'may maintain an action, claim, cross claim, or counterclaim' to recover attorney's fees." 24-CV-5942 (JGLC), 2026 WL 2583071, at *3 (S.D.N.Y. Sept. 1, 2026); *see also Morley v. Oliver*, No. 25-CV-2563 (RA), 2026 WL 1552346,

at *13 (S.D.N.Y. June 2, 2026) (cited in *Rapaport*, holding that "On its face, ... [§ 70-a] requires that an applicant for attorney's fees 'maintain an action, claim, cross claim or counterclaim,' and not simply assert a request as part of a motion to dismiss," citations omitted).

Sincerely,

*/s/ Alan S. Lewis*

Alan S. Lewis

ASL:bp

cc: **VIA ECF**

All Counsel of Record